UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSLYN MOTT,

        Plaintiff,

v.

TRANSUNION LLC,

        Defendant.

                                /

Case No. 2:25-cv-10113

HONORABLE STEPHEN J. MURPHY, III

# OPINION AND ORDER
# GRANTING MOTION TO DISMISS [9]

Plaintiff Roslyn Mott sued Transunion LLC for numerous alleged violations of §§ 1681e, 1681g, and 1681i of the Fair Credit Reporting Act (FCRA) and related state and common law claims. ECF No. 13, PageID.710; 15 U.S.C. § 1681, *et seq*. Plaintiff's complaint alleged multiple inaccuracies in her consumer disclosure, failure to reinvestigate the alleged inaccurate information, and failure to provide all information associated with Plaintiff's consumer file. ECF No. 13, PageID.706; ECF No. 17, PageID.1352. Defendant moved to dismiss and argued that Plaintiff failed to plead sufficiently specific facts. ECF No. 15, PageID.1327. The Court agrees and will grant the motion.

## BACKGROUND

Plaintiff's complaint alleged that she "received notice of a data breach involving her information from another company." ECF No. 13, PageID.712. Plaintiff then applied for an extension of credit, which was denied a few months later. *Id.*

Plaintiff then "mailed a notarized letter titled 'NOTICE OF VERIFIED FULL FILE DISCLOSURE REQUEST' to Defendant at its designated address." *Id.* The letter sought a complete copy of Plaintiff's consumer file, "[i]nformation on the sources of data included in the file," and "[i]dentification of any recipients of Plaintiff's consumer information." *Id.*

A few days later, Defendant informed Plaintiff that the request "did not appear to be from Plaintiff or a properly authorized third party." *Id.* at PageID.713. Plaintiff then made a second request, and Defendant provided Plaintiff with a credit report. *Id.* Plaintiff alleged that, because the request was made for a full file disclosure under 15 U.S.C. § 1681g(a), Defendant failed to "fulfill its legal obligations" and "misled Plaintiff to believe that the 'credit report' . . . was her complete file." *Id.* Plaintiff further alleged that the failure to provide her with the complete file "obstructed her ability to verify the accuracy of the information" within it and dispute any potential inaccuracies. *Id.* at PageID.714.

## LEGAL STANDARD

The Court must grant a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) if the complaint fails to allege facts that exceed a "speculative level" of plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570, (2008)) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." *Id.* The Court must view the complaint in the most favorable light to the Plaintiff, presume all well-pleaded factual assertions as

true, and draw reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430. The Court need not credit a plaintiff's legal conclusions, however. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, a claim must be dismissed when it "fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not." *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

In a Rule 12(b)(6) motion, courts can only "consider the [c]omplaint and any exhibits attached thereto . . . [and] items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citation omitted); *see also Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F. Supp. 3d 424, 427 (E.D. Mich. 2021) (Murphy, J.).

## DISCUSSION

For the reasons below, the Court will dismiss Plaintiff's complaint. Plaintiff brought three claims under the FCRA and several claims under state law. The Court will address each of Plaintiff's claims in turn.

I.  <u>15 U.S.C. § 1681g(a) – Incomplete File Disclosure</u>

Plaintiff's first claim came under 15 U.S.C. § 1681g(a), which requires a consumer reporting agency to provide "[a]ll information in the consumer's file at the time of the request, . . . the sources of the information[,] . . . identification of each person . . . that procured a consumer report" and more. 15 U.S.C. § 1681g(a)(1)–(6). Plaintiff alleged that Defendant violated § 1681g(a) by "unfairly denying the Plaintiff's request for her full consumer file disclosure" and "intentionally misleading

her" by providing a credit report instead of the full consumer file she requested. ECF No. 13, PageID.710.

But Defendant complied with the disclosure requirements of § 1681g. The fact that the file is titled as a credit report is immaterial because the report, which was attached to Plaintiff's complaint, contained all the information required under § 1681g. For example, § 1681g(a)(1)–(2) require the agency to report the information in the consumer's file and the sources of that information, and Defendant did. *See generally* ECF No. 13, PageID.765–772; *id.* at PageID.765 ("YOUR CREDIT FILE CONTAINS:"); *id.* at PageID.766 (redacting the "File Number"). And it identified the sources of the information. *See, e.g., id.* at PageID.766 (listing American Express as an account with adverse information). Agencies also must disclose the "[i]dentification of each person that procured a consumer report." § 1681g(a)(3). Again, Defendant did. *See id.* at PageID.771 (listing account review inquiries).

Moreover, Plaintiff did not identify or allege any specific omissions in the report. Again, Plaintiff's alleged that Defendant failed to provide her full, accurate consumer file. Specifically, Plaintiff presumes that her file contains inaccurate information—without identifying any—and thus concludes that Defendant must have failed to fully disclose her file. *Id.* at PageID.714 ("Defendant's failure to provide Plaintiff with a copy of her file has obstructed her ability to verify the accuracy of the information contained in it."). But she identified no inaccuracies and did not plausibly plead that any exist. *Iqbal*, 556 U.S. at 678 (instructing courts to ignore legal conclusions). The Court need not accept "unwarranted factual inferences." *Bennett v.*

*MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). And, most importantly, it "is well settled that, when a document attached to the Complaint contradicts allegations in the Complaint, 'the exhibit trumps the allegations.'" *Pridy v. Duke Energy Corp.*, No. 3:19-CV-00468, 2019 WL 6329659, at *5 (M.D. Tenn. Nov. 26, 2019) (quoting *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017)). So, the Court will grant Defendant's motion to dismiss Plaintiff's § 1681g claim.

II.  15 U.S.C. § 1681e(b) – Accuracy of Reporting

Plaintiff's next FCRA claim is under 15 U.S.C. § 1681e(b), which requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy" of a consumer report. 15 U.S.C. § 1681e(b). To sustain a claim under § 1681e(b), a plaintiff must prove that (1) the defendant reported inaccurate information about the plaintiff (2) the defendant negligently or willfully failed to follow reasonable procedures to assure accuracy of the information, (3) an injury was sustained, and (4) the defendant's conduct was the cause of the injury. *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004). But Plaintiff failed to plead facts sufficient to state a claim under § 1681e(b).[1]

To be sure, Plaintiff alleged that Defendant reported inaccurate information. *See, e.g.*, ECF No. 13, PageID.715. But as analyzed above, Plaintiff's allegations are directly contradicted by her own exhibits, *Cates*, 874 F.3d at 536, and conclusory statements are not sufficient to sustain a claim. *Iqbal*, 556 U.S. at 678.

---

[1] Plaintiff never named the entity that denied the credit extension. *See* ECF No. 13, PageID.712.

Similarly, Plaintiff's allegations regarding reasonable procedures are wholly conclusory and unsupported by facts. *See, e.g.*, *id.* at PageID.717 ("Defendant failed to conduct a reasonable reinvestigation."). And Plaintiff's conclusion that Defendant acted unreasonably is predicated on her unsupported assumption that the file contains inaccurate information. *See id.* Neither conclusory allegations nor unwarranted factual inferences are sufficient to sustain a claim. *Iqbal*, 556 U.S. at 678; *Bennett*, 607 F.3d at 1091. So, the Court will grant Defendant's motion to dismiss Plaintiff's §1681e claim.

III. <u>15 U.S.C. § 1681i(a) – Failure to Reinvestigate</u>

Plaintiff brought a third claim under 15 U.S.C. § 1681i(a), which requires consumer reporting agencies to reinvestigate and correct any potential mistakes in a consumer's report. But Plaintiff did not identify any mistakes in her consumer report. She implicitly acknowledged that she could not challenge the report's accuracy but appeared to blame the incompleteness of the report. *See* ECF No. 13, PageID.720 ("Plaintiff was unable to . . . [v]erify the accuracy . . . of her consumer file."). But, as discussed above, the report was complete. Thus, nothing triggered the Defendant's reinvestigation obligations under § 1681i. The Court will accordingly grant Defendant's Motion to Dismiss Plaintiff's § 1681i claim.

IV. <u>State and Common Law Claims</u>

Because the Court dismissed Plaintiff's federal claims, it will not exercise supplemental jurisdiction over Plaintiff's state law claims and will dismiss the case. *See* 28 U.S.C. § 1367(c)(3); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (noting

"the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction"); *Davis v. 36th Dist. Ct.*, No. 2:20-cv-12145, 2021 WL 2402083, at *4 (E.D. Mich. June 11, 2021) (Murphy, J) (same).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims under 15 U.S.C. §§ 1681e(b), 1681g(a), and 1681i are **DISMISSED WITH PREJUDICE** and Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge